IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON RHOADS and CASEY STEBBINS, | CIVIL ACTION |
| Plaintiffs, | |
| | NO. : 2:10-cv-64 |
| v. | |
| | JUDGE MARBLEY |
| HEALTHCARE SERVICES GROUP, INC., | MAGISTRATE JUDGE KING |
| LONDON CARE, LLC dba ARBORS AT LONDON, | DEFAULT JUDGMENT |
| And | |
| EXTENDICARE HEALTH SERVICES, INC., | |
| Defendants. | |

The summons and complaint in this action were served on the above-named Defendant on January 25, 2010, and said Defendant failed to appropriately plead or otherwise defend in this action. The default was duly noted by the Clerk on March 24, 2010. A Motion for Default Judgment, filed by the Plaintiffs on April 19, 2010 is now before this Court.

**I. Finding of Willful Violations of the Fair Labor Standards Act, the Ohio Wage Act, and the Ohio Prompt Pay Act.**

Due to Defendant's failure to appropriately answer the complaint or respond to the entry of default, the Plaintiffs' motion for default judgment is now before the Court. The default was noted by the Clerk on March 24, 2010 and once the Court determines that the Defendant is in default, the factual allegations of the complaint are taken as true. *Fed. Trade Comm'n v. Kitco of Nevada, Inc.,* 6612 F. Supp. 1282 (D.C. Minn. 1985). Plaintiffs allege in the complaint that

Defendant violated the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Ohio Prompt Pay Act ("OPPA") by failing to pay overtime for hours worked over 40 in a work week, by failing to pay minimum wage for some hours worked, and by failing to pay wages owed within 30 days of the performance of the work. Additionally, Plaintiffs have submitted payroll records and a damages summary that support their allegations. In the complaint, Plaintiffs allege that the Defendant's violations of the FLSA, OMFWSA, and OPPA were willful ones. Since Defendant has not responded, this Court hereby finds that the Defendant, Healthcare Services Group, Inc., willfully violated 29 U.S.C. § 201, *et seq.* and Ohio Revised Code § 4111, *et seq.* and § 4113.15(A).

## II. FORMULA FOR CALCULATING WEEKLY WAGES

The calculation of wages owed is straightforward. For every hour over 40 that was worked in a given week, the Plaintiffs were only paid the regular hourly rate instead of one and one half times the regular rate as mandated by the FLSA. Therefore, Plaintiffs are owed the difference between the number of hours over 40 worked multiplied by one and one half times the regular rate and the amount that they were actually paid. Additionally, Plaintiffs were not paid minimum wage, or paid at all, for some hours that they worked. They are owed the difference between $7.30 an hour for each hour worked and the amount that they were actually paid. Plaintiffs' attorneys have attached a spreadsheet that demonstrates this formula, which the Court deems to be an acceptable method of calculation.

## III. AWARD OF LQUIDATED DAMAGES

Because Defendant has failed to appropriately respond to Plaintiffs' complaint, Defendant has therefore failed to prove that its violation of the FLSA was "in good faith" and that it had "reasonable grounds for believing that their act or omission was not a violation" under

29 U.S.C. §216(b). Therefore, Plaintiffs are entitled to liquidated damages in an equal amount to wages lost for the overtime violation as well as liquidated damages equal to three times the amount owed for minimum wage pursuant to the Ohio Constitutional provision § 2.34a.

### IV. AWARD OF INTEREST

Pursuant to the Ohio Prompt Pay Act, the Defendant owes the Plaintiffs back wages and, as damages, an amount equal to six percent of the amount of the wages still unpaid. O.R.C. § 4113.15(B).

### V. AWARD OF ATTORNEY FEES AND EXPENSES

This Order constitutes an award of judgment to the Plaintiffs. The Court finds that the amount of attorney fees is reasonable in light of the time, effort, and expertise expended on this case to date.

### VI. CONCLUSION

Now, on motion of Katherine A. Stone, Plaintiffs' counsel, it is hereby Ordered and Adjudged that the Defendant has willfully violated the FLSA, the OMFWSA, and the OPPA. Jason Rhoads and Casey Stebbins, the Plaintiffs, recover from the Defendant, Healthcare Services Group, Inc., located at 3222 Tillman Drive, Suite 300, Bensalem, Pennsylvania 19020, the sum of $3,519.93, the amount claimed, including liquidated damages, plus interest in the sum of $82.06. Additionally, Plaintiff is awarded the amount of his attorney fees and expenses in the amount of $10,805.54.

ALGENON L. MARBLEY
United States District Court Judge

Dated: 6/22/10